**Razmig KALAYJI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73183.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Razmig Kalayji, San Francisco, CA, pro se.

Ruben Neshan Sarkisian, Glendale, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland·Securi-ty, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Washington, DC, Richard L. Pomeroy, Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Razmig Kalayji, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Kalayji's contention that there is a pattern and practice of persecution against Christians in Lebanon because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the BIA's finding that Kalayji's difficulties while in the Lebanese military were not on account of a protected ground, *see Cruz–Navarro v. INS,* 232 F.3d 1024, 1029 (9th Cir.2000), and his short detention and other harms he described were insufficient to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

establish past persecution, *see Gu v. Gonzales,* 454 F.3d 1014, 1020–21 (9th Cir. 2006); *see also Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). Furthermore, substantial evidence supports the BIA's finding that Kalayji has not demonstrated he faces a clear probability of future persecution if returned to Lebanon, *see Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998), and there is no evidence that his family members remaining in Lebanon have been harmed, *see Hakeem,* 273 F.3d at 816–17. Accordingly, Kalayji failed to establish eligibility for withholding of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**